PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| KEVIN JOHNSON, | ) | CASE NO. 5:19-CV-2031 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| AFASSCO, INC., | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 18] |

Pending before the Court is Defendant Afassco Inc. (Afassco)'s Motion to Dismiss for Improper Venue (ECF No. 18). Plaintiff Kevin Johnson filed a Response in opposition (ECF No. 21). Defendant has replied (ECF No. 24). For the following reasons, the Court grants Defendant's Motion and dismisses Plaintiff's Complaint (ECF No. 1).

## I. Background

On September 4, 2019, Plaintiff, a former employee at Afassco, filed a complaint against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA") and Ohio state law. ECF No. 1. Plaintiff alleges Defendant improperly characterized him as overtime exempt, failed to keep precise time records of all hours worked by Plaintiff, and willfully engaged in a scheme to deprive Plaintiff of overtime compensation during the course of his employment with Afassco. *Id*. at PageID #: 5-8.

(5:19CV2031)

On September 23, 2019, the Complaint and Summons were delivered to an Orville, Ohio warehouse where Plaintiff was employed as a sales manager for Afassco from approximately February 5, 2018 through March 4, 2019. ECF No. 1 at PageID #: 3, ¶ 15. Defendant leases the Orville warehouse in the course of its business operations, but maintains citizenship in Nevada.[1] On October 16, 2019, Plaintiff moved the Court to enter default against Defendant for failure to defend the action. ECF No. 6. In accordance with Fed. R. Civ. P. 55(a) the Clerk of Court entered default against Defendant on October 24, 2019. ECF No. 7. On October 28, 2019, Plaintiff filed a Motion For Default Judgment. ECF No. 8. On November 6, 2019, Defendant filed its Motion to Set Aside Default along with its opposition to Plaintiff's Motion For Default Judgment, a Motion For Leave to File a Motion to Dismiss For Improper Venue, and an unopposed Motion For Leave to File An Answer *Instanter*.[2] ECF No. 12. On December 31, 2019, the Court set aside default and permitted Defendant leave to answer the Complaint and file a motion to dismiss for improper venue. ECF No. 15. In the same Order, the Court denied Plaintiff's Motion for Default Judgment as moot. *Id*.

---

[1] Defendant is a Nevada corporation with its principal place of business in Douglas County, Nevada. ECF No. 12 at PageID #: 39.

[2] The basis for Defendant's motion to set aside entry of default was that Plaintiff had improperly served Defendant in Ohio rather than at its headquarters in Nevada, resulting in delay. ECF No. 12 at PageID #: 39. The Court, finding good cause, excused Defendant's delay in defending the action. ECF No. 15 at PageID #: 118.

(5:19CV2031)

On January 14, 2020, Defendant filed the instant Motion to Dismiss for Improper Venue pursuant to Federal Rules 12(b)(3) and 12(b)(6). Defendant alleges in its Motion that the parties' employment agreement, which forms the basis of the instant FLSA action, includes a valid forum selection clause requiring the dispute to be heard in the state courts of Douglas County, Nevada or Carson City, Nevada. ECF No. 18 at PageID #: 146.

## II. Standard of Review[3]

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, Plaintiff's Complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Sixth Circuit has held that a forum selection clause may be enforced under a 12(b)(6) standard. *See Wilson v. 5 Choices, LLC*, 776 F. App'x 320, 326 (6th Cir. 2019) ("This Court has held that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is a permissible way to enforce forum-selection . . . clauses.") (citation omitted); *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008) (per curiam) (finding Rule 12(b)(6) to be a proper vehicle upon which to dismiss a contractual dispute governed by a forum selection clause); *Yoak v. Assurance Grp., Inc.*, 2017 WL 4155770, *2 (N.D. Ohio Sept. 19, 2017) (Lioi, J.) (granting Rule 12(b)(6) motion to dismiss

---

[3] As an initial matter, the Sixth Circuit has made clear that a forum selection clause cannot be enforced via a Rule 12(b)(3) challenge to improper venue. *Kerobo v. S.W. Clean Fuels*, Corp., 285 F.3d 531, 535-38 (6th Cir. 2002). Thus, the Court will consider Defendant's Motion to Dismiss under a Rule 12(b)(6) framework only.

3

FLSA complaint in light of forum selection clause contained in employment agreement); *C. Thorrez Indus., Inc. v. LuK Transmissions Sys., LLC*, 2010 WL 1434326, at *3 (N.D. Ohio Apr. 8, 2010) (Lioi, J.). The Supreme Court of the United States has held that forum selection clauses "should control absent a strong showing that [they] should be set aside." *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587 (1991); *see also Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 60-64 (2013) ("[A] valid forum-selection clause, should be given controlling weight in all but the most exceptional cases. . . .When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation."). As the Sixth Circuit has explained, "the use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).

Resolution of Defendant's motion to dismiss, therefore, "hinges upon (1) whether there is a valid and enforceable forum selection clause governing the location of the court adjudicating the dispute and (2) whether the clause is applicable to the matter at hand." *Villanueva v. Barcroft*, 822 F. Supp. 2d 726, 733 (N.D. Ohio 2011) (Pearson, J.) (relying on *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 826 (6th Cir. 2009)). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Wong*, 589 F.3d at 828 (quotations omitted).

### III. Analysis

(5:19CV2031)

Defendant maintains that the forum selection clause contained in the parties' employment agreement--making Nevada state courts in Douglas County or Carson City the designated forum--is valid, enforceable, and mandatory. ECF No. 18 at PageID #: 148. Plaintiff responds by alleging that the employment agreement is not binding and that the forum selection clause is therefore unenforceable. ECF No. 21 at PageID #: 183.

The facts alleged in Plaintiff's Complaint (ECF No. 1) when taken alongside the employment agreement (ECF No. 18-1 at PageID #: 162-66) reveal that the parties objectively intended to enter into an agreement with one another which would govern the terms of Plaintiff's employment with Afassco. Upon a review of the signed[4] document, it is apparent that the parties commenced Plaintiff's employment pursuant to the agreement. The employment agreement specifies the term of the agreement, the parties' duties, and Plaintiff's compensation among other details. *See* ECF No. 18-1 at PageID #: 162-63. But of critical importance is the "Governing Law" provision therein, stating:

> This Agreement shall be governed by the substantive law of the State of Nevada. Any legal actions including but not limited to suits or claims will be tried in the State of Nevada, the counties of Douglas and Carson City.

ECF No. 18-1 at PageID #: 164.

---

[4] The at-will employment agreement was signed and executed by both Plaintiff and Defendant's representative on February 15, 2018. The signing of the agreement took place ten days after Plaintiff's employment commenced. The agreement codifies both the hours and salary that Plaintiff specified in his Complaint. *See* ECF No. 18-1 at PageID #: 166; ECF No. 1 at PageID #: 3.

5

(5:19CV2031)

The Court finds the stated forum selection clause to be sufficiently clear and specific. The Court also finds the language to be mandatory, as opposed to permissive, in nature. *See Mazzella Lifting Technologies, Inc. v. Farmer*, 2017 WL 4883238, at *6 (N.D. Ohio Jan. 20, 2017) (Oliver, J.) ("[M]andatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.").

The Sixth Circuit has instructed courts to look to three factors when evaluating the enforceability of a forum selection clause: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Wong*, 589 F.3d at 828.

There is nothing in the record that leads the Court to believe that the forum selection clause was obtained by unconscionable means. Plaintiff has similarly failed to meet his burden of demonstrating that the specified Nevada courts would ineffectively handle his dispute.

Plaintiff instead argues that the language governing the term of the employment agreement is "illusory," stating Defendant has an "unlimited right to dictate" when the contract would begin and end. ECF No. 21 at PageID #: 185. Plaintiff further claims, with regard to the applicability of the employment agreement, that it would have terminated "when Plaintiff's employment ended in March 2019" and therefore should not govern the instant FLSA dispute. *Id*. at PageID #: 187. The Court does not find either of these arguments convincing.

(5:19CV2031)

At the motion to dismiss stage, courts are hesitant to render an entire contractual provision illusory where the other party may later bring forth evidence that indicates otherwise. *See Ruffing v. Masterbuilt Tool & Die, LLC*, 2009 WL 185950, at *12 (N.D. Ohio Jan. 23, 2009). Nevertheless, a review of the parties' employment agreement reveals an obvious severability clause which states:

> If any one or more of the provisions contained in this Agreement shall be invalid, illegal, or unenforceable in any respect under applicable law, the validity, legality, and enforceability of the remaining provisions contained herein shall not, in any way, be ineffective or impaired thereby.

ECF No. 18-1 at PageID #: 164.

Under Nevada law, courts have the discretion to allow the "offensive language [in a contract] to be severed without invalidating the remainder of the agreement." *Michalowski v. Second Judicial Dist. Court of State, ex rel. County of Washoe,* 2015 WL 7431447, at *2 (Nev. Nov. 18, 2015). Accordingly, enforcing the forum selection clause and dismissing the current action would not prevent Plaintiff from presenting the same arguments to the appropriate tribunal--the Neveda state courts in Douglas County or Carson City. Similarly, the specified forum should consider the issue of the duration of the parties' contract.

Plaintiff avers that he would be seriously inconvenienced if the forum selection clause were enforced. He alleges that he would have to re-file the case in Nevada and find Nevada counsel which, to him, would "effectively make[] the FLSA unenforceable in this case." ECF

(5:19CV2031)

No. 21 at PageID #: 193. But "mere inconvenience" alone is not sufficient grounds to avoid the application of a valid forum selection clause. *See Wong*, 589 F.3d at 829; *see also Villanueva*, 822 F. Supp. 2d at 736. In *Wong*, the Sixth Circuit dismissed a contractual dispute filed by plaintiffs in the Northern District of Ohio[5], instead requiring the case to be filed in the British Territory of Gibraltar--the forum designated by the forum selection clause contained in the parties' contract. *Id*. The Court acknowledged that continuing the suit in Gibraltar "would no doubt be an inconvenience" but that "even with these considerations" Plaintiffs had not carried their "heavy burden" of showing that enforcing the forum selection clause would be unjust or unreasonable. *Id*. Similarly, Plaintiff has failed to carry his burden here.

After weighing the relevant factors, the Court finds the forum selection clause contained in the parties' employment agreement to be enforceable and applicable to this FLSA case. The mandatory language of clause specifies that the state courts of Douglas County, Nevada or Carson City, Nevada are the exclusive forum where either party shall bring suit related to the employment agreement; and the choice of law provision contained therein requires that Nevada substantive law govern. It is also clear from the record that Plaintiff was a willing participant to the instant employment agreement. It was contemplated and signed by all parties. Plaintiff worked for Afassco pursuant to the agreement, and he was paid $3,300.00 per month in accordance with the agreement's wage specification. ECF No. 1 at PageID #: 3.

---

[5] Plaintiffs in *Wong* filed the lawsuit in the Northern District of Ohio on behalf of themselves and similarly situated individuals, all of whom lived and worked in the state of Ohio. *See Wong*, 589 U.S. at 824.

(5:19CV2031)

Accordingly, the matter is dismissed without prejudice so that the case may be re-filed in the appropriate forum.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss ([ECF No. 18](ECF No. 18)) is granted. This case is dismissed without prejudice.

IT IS SO ORDERED.

| | |
|---|---|
| February 11, 2020 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |